# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MY HOME NOW, LLC, | Case No. 2:16-cv-00727-GMN-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 40) |
| JPMORGAN CHASE BANK, N.A., et al., | |
| Defendant(s). | |

On October 21, 2016, Defendants filed a motion to extend the discovery cutoff by 60 days so that they could pursue the deposition of Plaintiff's counsel. Docket No. 40; *see also* Docket No. 27 (establishing discovery cutoff of October 24, 2016). Plaintiff filed a response in opposition, and Defendants filed a reply. Docket Nos. 45, 46. The crux of the dispute is that Defendants contend that Plaintiff was unable to answer pertinent questions at Plaintiff's deposition taken on October 18, 2016, and that they would like to depose Plaintiff's counsel as a result. *See, e.g.*, Docket No. 40 at 3 ("Although Defendants recently took Plaintiff's deposition, Plaintiff could not answer basic, but highly relevant questions connected to Plaintiff's claims and Defendants' defenses"); *see also id.* at 7. The briefing leaves several issues insufficiently developed.

As an initial matter, assuming Plaintiff's deposition was conducted pursuant to Rule 30(b)(6),[1] it is not clear that a request to depose opposing counsel is the proper remedy for the alleged inadequacy of the testimony provided. Rule 30(b)(6) "gives the corporation being deposed more control by allowing it to designate" the deponent. *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008) (quoting *U.S. v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996)). A party served with a Rule 30(b)(6) deposition notice has a duty to prepare the designated deponent to fully and unevasively answer questions about the designated subject matter. *See id.* If the served party falls short in that respect, the deposing party may file a motion to compel further deposition testimony. *See* Fed. R. Civ. P. 37(a).[2] If the Court grants the motion to compel, it will generally allow the served party to better prepare the previously deposed designee or to designate another person to provide testimony. *See F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, at *7 (D. Nev. Aug. 1, 2013); *see also* 8A Wright, Miller, & Marcus, Federal Practice and Procedure, § 2103, at p. 464-66 & n.16 (2016, supp.).[3] Hence, it appears that the appropriate course for challenging the sufficiency of Plaintiff's Rule 30(b)(6) testimony may be the filing of a motion to compel that, if granted, would result in the Plaintiff being permitted to better prepare its designee or choose a new designee, and for the Court to provide an appropriate period of time for that deposition to take place.

Second, to the extent Defendants seek to depose Plaintiff's counsel as a percipient witness (*i.e.*, not as a Rule 30(b)(6) deponent and not as the result of succeeding on a motion to compel as outlined above), the briefing has not sufficiently addressed the issue of diligence. It is axiomatic that discovery

---

[1] Since Plaintiff is a corporation, it appears the deposition was conducted pursuant to Rule 30(b)(6). Neither party attaches the deposition notice, however, nor does either party identify the provision of Rule 30 under which the identified deposition was taken.

[2] A motion to compel may generally be filed after the discovery cutoff so long as it is filed prior to the deadline for dispositive motions. *See, e.g.*, *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) ("A motion to compel may be filed after the close of discovery. Absent unusual circumstances, it should be filed before the scheduled date for dispositive motions").

[3] Defendants contend that Plaintiff's counsel is the only person with "knowledge" about certain matters. *See, e.g.*, Docket No. 46 at 2. "A Rule 30(b)(6) designee is not required to have personal knowledge on the designated subject matter," so long as the designee is properly prepared to answer the questions posed. *Great Am. Ins. Co.*, 251 F.R.D. at 538-39.

deadlines may be extended upon a showing of "good cause," which turns primarily on whether the movant has established diligence. *See* Local Rule 26-4; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Good cause exists to extend a discovery deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Put another way,

> The applicable standard is whether discovery could have been completed within the ordered timeframe had the movant been diligent during the entire discovery period. When a party waits until the eve of the applicable deadlines to propound discovery or compel further responses to discovery, the fact that he would like to follow-up on that discovery with additional discovery is simply not grounds to reopen discovery.

*CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. Lexis 169110, *11-12 (D. Nev. Dec. 15, 2015) (citations omitted). Here, Defendants seek an extension of discovery to take Plaintiff's counsel's deposition apparently as a follow-up to the testimony received less than a week before the discovery cutoff. Defendants have not explained how those circumstances establish diligence.

Lastly, the motion to extend puts the cart before the horse, as Defendants seek an extension to depose Plaintiff's counsel (a disfavored practice) but have failed to show that they are entitled to do so under the standards established by the applicable case law. *See, e.g., Couturier v. Am. Invsco Corp.*, 2013 WL 499008, *1 (D. Nev. Aug. 20, 2013) (collecting cases regarding standards for deposing opposing counsel). Indeed, Defendants acknowledge that any request to depose Plaintiff's counsel will be met with a motion for protective order. *See* Docket No. 40 at 8 n.5. It is not clear to the Court that a 60-day extension is proper without a showing that the disputed discovery Defendants seek is even likely to be allowed.

Counsel shall meet and confer, no later than November 1, 2016, regarding the above issues. If counsel resolve the instant motion to extend through that meet-and-confer process (*e.g.*, it is determined that the filing of a motion to compel further Rule 30(b)(6) testimony is the more appropriate course), Defendants shall file a notice withdrawing the motion to extend by noon on November 2, 2016. If counsel are unable to resolve the instant motion, the Court orders simultaneous supplemental briefing from the parties, to be filed no later than November 4, 2016, and to be limited to no more than 15 pages. The supplemental briefing shall address the following:

- (1) Whether Plaintiff's deposition of October 18, 2016, was conducted pursuant to Rule 30(b)(6) and, if so, whether the appropriate vehicle for relief regarding the instant dispute is Defendants' filing of a motion to compel further testimony by a Rule 30(b)(6) deponent of Plaintiff's choosing;
- (2) Whether good cause exists to extend discovery to depose Plaintiff's counsel as a percipient witness in light of the fact that the basis on which Defendants seek that testimony is a deposition they did not take until the waning days of the discovery period; and
- (3) Whether it would be appropriate to allow Defendants to take Plaintiff counsel's deposition at all in light of the pertinent standards.

IT IS SO ORDERED.

DATED: October 28, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge