# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MY HOME NOW, LLC, a Nevada Limited Liability Company,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>JP MORGAN CHASE BANK, N.A. a National Banking Corporation; U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, a National Banking Corporation; CALIBER HOME LOANS, a South Carolina Corporation,<br><br>　　　　　　Defendants. | Case No.: 2:16-cv-00727-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 8), filed by Defendant JP Morgan Chase Bank, N.A. ("Defendant"). Plaintiff My Home Now, LLC ("Plaintiff") filed a Response, (ECF No. 9), and Defendant filed a Reply, (ECF No. 13). For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

This case arises out of the parties' disputed ownership of real property located at 7555 Glowing Ember Court, Unit 101, Las Vegas, Nevada, 89130 (the "Property"). (Ex. A to Mot. to Dismiss (First Am. Compl. ("FAC")) ¶ 1, ECF No. 8-1). Plaintiff alleges that Defendant "claims an interest in the Property via a deed of trust securing a loan . . . on September 18, 2008 . . . with the Clark County Recorder, State of Nevada." (*Id.* ¶ 3). Plaintiff acquired the Property on June 18, 2014. (*Id.* ¶ 14).

In October 2014, Plaintiff filed a separate quiet title suit against Defendant in this Court for Defendant's interest in the Property. (*Id.* ¶ 5); (*see My Home Now, LLC v. JP Morgan Chase Bank N.A., et al*, 2:14-cv-01958-APG-NJK) (hereinafter the "Prior Action").  In February 2015, Defendant notified Plaintiff that it "had no interest in the Property and that the title had been reassigned to another entity along with beneficial interest therein." (FAC ¶ 8). Pursuant to this exchange, Defendant filed a Disclaimer of Interest (the "Disclaimer") in February 2015, disclaiming any legal or equitable interest in the Property. (*Id.* ¶ 9).  Because Defendant filed the Disclaimer, Plaintiff stipulated to dismiss its claims against Defendant in the Prior Action. (*Id.* ¶ 19).

Subsequently, Plaintiff later learned that Defendant assigned its interest to the Secretary of Housing and Urban Development ("HUD") on July 31, 2015, and then HUD assigned its interest to U.S. Bank on August 31, 2015. (*Id.* ¶ 20).  Both assignments were recorded on September 23, 2015. (*Id.*).  Plaintiff alleges that Defendant's assignment following the stipulation of dismissal filed in the Prior Action constitutes "slander of title." (*Id.* ¶ 21). Plaintiff contends that because of the assignment, he cannot obtain title insurance for the Property due to "the existence of a cloud on title caused by the [a]ssignments of [i]nterest." (*Id.* ¶¶ 20–24).  Additionally, Plaintiff alleges that Defendant's assignment constitutes a breach of contract of the Prior Action's stipulated dismissal because the stipulation was based on Defendant claiming it had no interest in the Property. (*Id.* ¶¶ 42–46).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

In the instant Motion, Defendant seeks to dismiss Plaintiff's allegations of: (1) quiet title; (2) slander of title; and (3) breach of contract. (*See* Mot. to Dismiss ("MTD"), ECF No. 8). Because neither party disputes dismissal of the quiet title action, (*see id.* 6:18–19); (Resp. 2:9–11, ECF No. 9), the Court will address the remaining claims of slander of title and breach of contract in turn.

### A.   Slander of Title

Plaintiff alleges slander of title against Defendant because Defendant "clouded title to the Property" by recording its assignment with HUD. (FAC ¶ 34). Plaintiff alleges Defendant assigned the interest "with the deliberate intent to harm and injure Plaintiff and interfere with its existing property ownership." (FAC ¶ 35). "Slander of title involves false and malicious communication, disparaging to one's title in land, and causing special damage." *Higgins v.*

*Higgins*, 744 P.2d 530, 531 (Nev. 1987) (*per curiam*).  Allegations that the defendant knew the statement was false or acted in reckless disregard of its truth or falsity will satisfy the malice requirement. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).  Special damages may include "both impairment of the land's vendibility as well as expenses sustained in removing the cloud on plaintiff's title caused by the false statement." *Tai-Si Kim v. Kearney*, 838 F. Supp. 2d 1077, 1089 (D. Nev. 2012) (citing *Summa Corp v. Greenspun*, 655 P.2d 513, 515 (Nev. 1982)).

Here, Plaintiff fails to assert in its FAC that Defendant's Disclaimer was completed "in reckless disregard of its truth or falsity." *Rowland*, 662 P.2d at 1335.  Instead, Plaintiff merely alleges that Defendant's assignment was completed "with the deliberate intent to harm and injure Plaintiff." (FAC ¶ 35).  This conclusory recitation does not satisfy the element of malice. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Plaintiff contends in its Response that Defendant's Disclaimer was a "knowingly false communication," (Resp. 4:17), the Court must rely on the allegations set forth in the FAC to determine the plausibility of Plaintiff's claims. *See, e.g.*, *Ashcroft*, 556 U.S. at 678.  Therefore, the Court dismisses Plaintiff's slander of title action.

**B.  Breach of Contract**

Plaintiff alleges breach of contract pursuant to the stipulation of dismissal the parties signed in the Prior Action. (FAC ¶ 46).  Even construing the stipulation of dismissal as a contract, Plaintiff fails to sufficiently allege how the contract has been breached. *See Med. Providers Fin. Corp. II v. New Life Centers, L.L.C.*, 818 F. Supp. 2d 1271, 1274 (D. Nev. 2011) (holding that a breach of contract claim requires: (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach).  On this point, Plaintiff simply alleges that Defendant's "subsequent assignment of interest on July 31, 2015 [to HUD] is a breach of the contract." (FAC ¶ 46).  While perhaps relevant to a separate agreement

between the parties, this assertion fails to explain how a subsequent assignment of real property constitutes a breach of an agreement to dismiss a lawsuit.  In failing to explain Defendant's breach, Plaintiff presents "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Accordingly, even taking Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, the FAC does not adequately plead a claim for breach of contract, and Plaintiff's FAC must be dismissed against Defendant.

### C.  Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to support its slander of title and breach of contract claims.  Accordingly, the Court will grant Plaintiff leave to file a second amended complaint.  Plaintiff shall file its second amended complaint within fourteen days of the date of this Order if it can allege sufficient facts that plausibly establish its second and third causes of action against Defendant.  Failure to file a second amended complaint by this date shall result in the Court dismissing these claims with prejudice.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 8), is **GRANTED**.  Plaintiff's quiet title claim against Defendant is dismissed with prejudice.

Additionally, Plaintiff's slander of title and breach of contract claims against Defendant are dismissed without prejudice with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall file its second amended complaint by February 27, 2017.  Failure to file a second amended complaint by this date shall result in dismissal of Plaintiff's slander of title and breach of contract claims against Defendant with prejudice.

**IT IS FURTHER ORDERED** that the pending cross Motions for Summary Judgment, (ECF Nos. 29, 37), which pertain to the now dismissed FAC, are **DENIED without prejudice** as moot and with leave to refile.  The parties may refile their Motions within thirty days after Plaintiff files its second amended complaint.

**DATED** this __15___ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge