1  JOHN HENRY WRIGHT
   Nevada Bar No. 6182
2  THE WRIGHT LAW GROUP, P.C.
   2340 Paseo Del Prado, Suite D-305
3  Las Vegas, Nevada 89102
   Telephone: (702) 405-0001
4  Facsimile:  (702) 405-8485
   Email: john@wrightlawgroupnv.com
5  Attorneys for Plaintiff

6                    **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF NEVADA**

8

9  MY HOME NOW, LLC, a Nevada Limited     CASE NO.:   2:16-cv-00727-GMN-NJK
   Liability Company,
10
                    Plaintiff,
11
   vs.
12
   JP MORGAN CHASE BANK, N.A.    a
13 National Banking Corporation; U.S. BANK
   TRUST, N.A. AS TRUSTEE FOR LSF9
14 MASTER PARTICIPATION TRUST, a
   National Banking Corporation,
15
                    Defendant.
16

17

18

19            **MOTION FOR SUMMARY JUDGMENT ON**

20      **PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF#59]**

21        COMES NOW Plaintiff, MY HOME NOW, LLC, by and through their attorney, John

22 Henry Wright, Esq., of THE WRIGHT LAW GROUP, P.C., and hereby tenders Plaintiff's Motion

23 for Summary Judgment on Plaintiff's Second Amended Complaint [#59], pursuant to Fed. R. Civ.

24 P. 56 and D. Nev. R. 56-1, against Defendants, JP MORGAN CHASE BANK, N.A., U.S. BANK

25 TRUST N.A., as trustee for LSF9 Master Participation Trust, and CALIBER HOME LOANS, INC.

26 This Motion is made and based upon the pleadings and papers on file, the attached exhibits, and

27 any oral argument the Court elects to entertain.

28

DATED this 29th day of March, 2016.

THE WRIGHT LAW GROUP, PC

By: _____
JOHN HENRY WRIGHT, ESQ.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada   89102
Attorneys for Plaintiff
MY HOME NOW, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case is the second iteration of a foreclosure matter, which first arose in 2014.  The case involves property purchased in 2014, at a non-judicial foreclosure sale,  by Plaintiff, My Home Now, LLC ("My Home Now", "buyer").  The foreclosure sale occurred following the original owner's default on delinquent homeowner's association assessments.

In October, 2014, the buyer filed a quiet title action against J.P. Morgan Chase Bank, N.A. and unnamed Does and Roes, in the Clark County District Court, Case No. A-14-708130-C, *My Home Now, LLC v. JP Morgan Chase, N.A.*  The Complaint asserted three (3) claims for relief: 1) Declaratory Relief/Quiet Title (NRS 30.010, et seq., NRS 40.10 & NRS 116.3116), 2) Unjust Enrichment and 3) Preliminary and Permanent Injunction.  The case was transferred to the U.S. District Court on a removal motion filed by Defendant, J.P. Morgan Chase Bank, N.A. ("Chase"), Case No. 2:14-cv-01958-APG-NJK ("first iteration case", "Glowing Ember #1"). Glowing Ember #1  resolved the quiet title action in favor of My Home Now and against all other entities.

Prior to the 2014 foreclosure sale, Chase, held the only other recorded interest in 7555 Glowing Ember Court, Unit 101, which it received  by assignment in or about September of 2013. Prior the foreclosure sale and the first iteration quite title action, Chase was the sole **recorded** holder of an  interest under the original  Deed of Trust, which had been executed and recorded  in 2008 ("subject Deed of Trust").

On or about February 9, 2015, Chase **executed** a Disclaimer of Interest, which was filed in Glowing Ember #1, on or about February 9, 2015.  On or about June 2, 2015, a  Stipulation and

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

1   Order Dismissing Chase was filed dismissing any and all claims as to Chase, **with prejudice based**
2   **upon this Disclaimer of Interest**. A default judgment was entered against the remaining
3   defendant, an individual, and the case was closed on or about November 25, 2015.

4          In July, 2015, approximately five (5) months after entering into the stipulation of dismissal
5   "disclaim[ing] any interest in the subject property", Chase **recorded a *purported* assignment**, to
6   the Secretary of Housing and Urban Development ("HUD"). Notwithstanding having disclaimed
7   any interest in 7555 Glowing Ember Court, Unit 101, the assignment to HUD purported to transfer
8   Chase's "beneficial interest", under the subject Deed of Trust.  In August, 2015, HUD recorded a
9   *purported* assignment to Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master
10  Participation Trust ("U.S. Bank').  These post-disclaimer assignments by Chase to HUD and by
11  HUD to U.S. Bank created clouds on My Home Now's title to the subject real property, which
12  Chase refused to remove, requiring court intervention.

13         On or about March 11, 2016, My Home filed a First Amended Complaint for Quiet Title
14  and Declaratory Relief in the Clark County District Court, Case No. A-16-732107-C, *My Home*
15  *Now, LLC v. JP Morgan Chase, N.A. et al*. This second iteration case, which is the case at bar,
16  named Defendants, U.S. Bank and CALIBER HOME LOANS, INC. ("Caliber"), U.S. Bank's
17  servicing agent, as additional party defendants. The case was transferred to the U.S. District Court
18  on a removal motion filed by Chase. Thus, the instant case, No. 2:16-cv-00727-GMN-NJK
19  ("Glowing Ember #2") became the second iteration of the foreclosure matter.

20  **II.      PROCEDURAL BACKGROUND**

21  **A.      My Home Now's First Amended Complaint**

22         On March 11, 2016, My Home Now filed it's First Amended Complaint for Quiet Title and
23  Declaratory Relief ("Amended Complaint") against Chase, U.S. Bank and Caliber. The Amended
24  Complaint asserted four (4) claims for relief: 1) Declaratory Relief/Quiet Title, Pursuant to NRS
25  30.010, et seq., NRS 40.10 & NRS 116.3116, as to all named Defendants; 2) Slander of Title, as
26  to all named Defendants; 3) Breach of Contract, as to Chase; and 4) Attorneys' Fees, as to all
27  named Defendants. (Exhibit 10).

28         On or about April 26, 2016, Chase filed a Motion to Dismiss (ECF No. 8) in lieu of filing

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

a responsive pleading. On or about April 29, 2016, My Home Now filed it's Opposition to Chase's Motion to Dismiss (ECF No.. 9). On or about May 5, 2016, Chase filed Chase's Reply in Further Support of its Motion Dismiss (ECF No. 13).

On about May 13, 2016, U.S. Bank and Caliber filed Answers to Plaintiff's First Amended Complaint for Quiet Title and Declaratory Relief; and U.S. Bank filed a Counterclaim (ECF No. 14). On July 26, 2016, My Home Now filed its Motion for Summary (ECF No. 29). On September 28, 2016, Chase filed its Cross-Motion for Summary Judgment (ECF No. 37).

On February 15, 2017, the Court granted Chase's Motion to Dismiss in part, dismissing Plaintiff's quiet title claim with prejudice. The Court dismissed Plaintiff's slander of title and breach of contract claims without prejudice and granted Plaintiff leave to file a second amended complaint until February 27, 2017. [ECF#58]

**B.    My Home Now's Second Amended Complaint**

On February 27, 2017, Plaintiff filed its Second Amended Complaint (ECF No. 59). On March 16, 2017, U.S. Bank and Caliber filed their Answer to Plaintiff's Second Amended Complaint for Quite Title and Declaratory Relief (ECF No. 65). On March 22, 2017, Chase filed its' Answer to the Second Amended Complaint for Quiet Title and Declaratory Relief (ECF No. 66). My Home Now files the instant Motion for Summary Judgment, as to each of the claims averred in the Second Amended Complaint, as set forth against U.S. Bank and Caliber, on the First, Third and Fourth Claims for Relief; and as set forth against Chase, on the Second, Third and Fourth Claims for Relief in the Second Amended Complaint.

**III.    STATEMENT OF THE FACTS**

1.    CALIBER and U.S. Bank, claim their interest in the Property under the subject Deed of Trust, subject to purported assignments from Chase to HUD and from HUD to U.S. Bank.

2.    On or about September 19, 2013, Metlife Bank, National Association, also known as Metlife Home Loans, a division of Metlife Bank, N.A., by Select Porfolio Servicing, Inc., its Attorney in Fact, assigned its interest, in the subject Deed of Trust to Defendant, JP Morgan Chase, N.A., and the assignment was duly recorded in the Official Records the Clark County Recorder, pursuant to Instrument No. 20130909:2057. (Exhibit 1).

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

3.      On or about July 31, 2015, after disclaiming "all legal and equitable interest" the Property, Chase executed a purported assignment of the Deed of Trust, in favor of HUD and the same was recorded on September 23, 2015 as Instrument No. 20150923:02959. Upon information and belief, U.S. Bank claims its interest under this purported assignment. (Exhibit 2).

4.      On or about August 31, 2015, HUD executed a purported  assignment of the Deed of Trust in favor of U.S. Bank and the same was recorded on September 23, 2015 at Instrument No. 20150923:02960. (Exhibit 3).

5.      On or about September 18, 2008, John D. MacArthur acquired real property located at 7555 Glowing Ember Court, Unit 101, Las Vegas, Nevada 89130, APN 125-27-219-013 ("Property") subject to a Deed of Trust in favor of Metlife Home Loans, a division of Metlife Bank, N.A., duly recorded in the Official Records the Clark County Recorder, pursuant to Instrument No. 20080918:05561 ("subject Deed of Trust"). (Exhibit 4).

6.      On or about February 17, 2012 and April 5, 2012, Mortgage Electronic Registration Systems, Inc., Solely as Nominee for Metlife Home Loans, a division of Metlife Bank, N.A., its successors and assigns, located in Danville, Illinois, assigned and transferred all beneficial interest under the subject Deed of Trust to Metlife Home Loans, a division of Metlife Bank, N.A., located in Irving, Texas and duly recorded the assignments in the Official Records of the Clark County Recorder, pursuant to Instrument Nos. 20120217-0001861 and 20120405-0001100, respectively. (Exhibits 5 and 6).

7.      During 2012, non-judicial foreclosure proceedings were initiated against John D. MacArthur, then the owner of record, and a non-judicial foreclosure sale, which complied with all requirements of Nevada law, was conducted on or about May 2, 2014.  Due and proper notice of the foreclosure proceedings, including the foreclosure sale, was provided to John D. MacArthur and Chase, the sole entity holding a recorded interest under the Deed of Trust.

8.      At all times subsequent to September 19, 2013 and prior to May 5, 2014, Chase was the sole party having a recorded, beneficial interest, under the subject Deed of Trust.

9.      At all times between May 5, 2014 and September, 2015, no other parties recorded a beneficial interest, under the subject Deed of Trust.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

10.    On May 2, 2014, Suzannah R. Noonan and Anthony S. Noonan ("Noonans") acquired the subject real property, by successfully bidding in good faith at the public foreclosure auction, held in accordance with NRS 116.3116, et. seq. and tendering good and valuable consideration.

11.    The Noonans were the original bona fide purchasers of the subject real property.

12.    On or about May 5, 2014, a Foreclosure Deed evidencing the consummation of the foreclosure sale and the conveyance of the subject real property to the Noonans, as the original bona fide purchasers, was duly recorded in the Official Records the Clark County Recorder, pursuant to Instrument No. 20140505:0003148. (Exhibit 7).

13.    On or about May 6, 2014, Anthony S. Noonan quitclaimed his interest, in the subject real property to Suzannah R. Noonan, and a Quit Claim Deed evidencing the same was duly recorded with the Office of the Clark County Recorder, pursuant to Instrument No. 20140506:00244. (Exhibit 8).

14.    On or about June 18, 2014, Suzannah R. Noonan sold the subject real property to My Home Now, a good faith purchaser, for good and valuable consideration.

15.    My Home Now was a successor bona fide purchaser of the Property.

16.    As of June 18, 2014, Chase was the sole party having a recorded, beneficial interest, under the subject Deed of Trust.

17.    As of June 18, 2014, Chase had not executed an assignment of its interest in the Property, in favor of any other party.

18.    As of June 18, 2014, HUD did not have or claim an interest in the Property, under the subject Deed of Trust.

19.    As of June 18, 2014, U.S. Bank did not have or claim an interest in the Property, under the subject Deed of Trust.

20.    As of June 18, 2014, Caliber did not have or claim an interest in the Property, under the subject Deed of Trust.

21.    A Quit Claim Deed evidencing the sale of the subject real property to My Home Now, transferring ownership from the Noonans, the original bona fide purchasers, to the successor

1  bona fide purchaser, My Home Now, was duly recorded with the Office of the Clark County

2  Recorder, pursuant to Instrument No. 20140619:01117. (Exhibit 9).

3      22.   On October 6, 2014, My Home Now filed its Complaint for Quiet Title and

4  Declaratory Relief, in the first iteration case, against J.P. Morgan Chase Bank, N.A. and unnamed

5  Does and Roes, in the Clark County District Court, Case No. A-14-708130-C, *My Home Now, LLC*

6  *v. JP Morgan Chase, N.A. (* "Glowing Ember #1")The Complaint asserted three (3) claims for

7  relief: 1) Declaratory Relief/Quiet Title (NRS 30.010, et seq., NRS 40.10 & NRS 116.3116), 2)

8  Unjust Enrichment and 3) Preliminary and Permanent Injunction. (Exhibit 10).

9      23.   As of the dates of 1) the sale of the Property to Plaintiff and 2) the commencement

10  of the first quiet title lawsuit, Chase was the only recorded holder of an interest in the Property, as

11  beneficiary under the subject Deed of Trust.

12      24.   The particulars of the original Complaint included, but were not limited to the

13  following summarized assertions, with regard to the recorded beneficial interest in the subject real

14  property:

15  •  Beneficiary interest holder(s)  had actual or constructive **notice of the**
16     **foreclosure proceedings**. (*Id.* ¶ 19).

17  •  Beneficial interest holder (s)  knew or should have known that its **interest**
       in the [subject real property] **could be extinguished through foreclosure**,
       if it failed to cure the Association lien, which gave rise to the foreclosure
18     proceedings (*Id.* ¶ 22).

19  •  Chase's  **security interest in the [subject real property], if any, was**
       **extinguished by the foreclosure of the Association Lien**. (*Id.*¶ 31).
20

21  •  A foreclosure sale conducted pursuant to NRS 116.31162-116.31168,
       **extinguishes** the title owner's interest in the property and all junior liens
22     and encumbrances, including **deeds of trust**. (*Id.* ¶ 37).

23  •  The effect of the foreclosure of the assessment lien operates to **extinguish**
       **the first deed of trust**. (*Id.* ¶ 38).

24  •  Chase  was duly notified of the Association foreclosure sale and **failed to**
       **act to protect their interests** in the [subject real property], if any
25     legitimately existed. (*Id.* ¶ 39).

26  •  My Home Now was entitled to declaratory judgment finding: 1) My Home
       Now as the titled owner of the [subject real property]; 2) the Foreclosure
27     Deed as valid and enforceable; 3) the Association **foreclosure sale**
       **extinguished Defendants', to include JPM, ownership and security**
28     **interests in the [subject real property]**; and 4) **My Home Now's rights**
       **and interest** in the [subject real property] are **superior to** any adverse

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454



1   interest claimed by Defendants, to include **JPM**. (*Id.* ¶ 40).

2       25.    On or about December 9, 2014, Chase filed an Answer to the quiet title Complaint.

3       26.    In early February of 2015, Chase informed counsel for Plaintiff that Chase had no

4   interest in the Property and purported that the title had been reassigned to another entity along with

5   the beneficial interest therein. This conversation was memorialized by correspondence from

6   Plaintiff's counsel to Chase's counsel. (Exhibit 11).

7       27.    On or about February 9, 2015, Chase filed a Disclaimer of Interest ("Disclaimer"),

8   disclaiming any and all legal or equitable interest in the Property, **without reservation**, which stated

9   as follows:

10           "Defendant JP MORGAN CHASE, N.A. ("Chase") hereby disclaims any legal or
equitable interest in the subject real property located at 7555 Glowing Ember Court,

11           Unit 101, Las Vegas, NV, 89130; Parcel No. 125-27-219-013 and consents to being
dismissed from this matter." (Exhibit 12).

12

13       28.    As of February 9, 2015, Chase was the only recorded holder of an interest in the

14   Property, as beneficiary under the subject Deed of Trust. Chase filed the Disclaimer, with the Court,

15   without regard to the truth or falsity, purporting to have no legal or equitable interest in the

16   Property.

17       29.    As of February 9, 2015, no legally recognized contractual document existed by and

18   between Chase and HUD, respecting a transfer of interest in the Property prior to July 31, 2015.

19       30.    Plaintiff relied upon the representations of Chase, by and through its counsel, that

20   Chase did not claim a beneficial interest in the Property, under the subject Deed of Trust and agreed

21   to stipulate to dismiss its' claims, with prejudice, with each party to bear its' attorneys' fees and

22   costs.

23       31.    But for the representations of Chase's counsel and the Disclaimer of Interest, on

24   which Plaintiff relied to its detriment, Plaintiff would have continued to prosecute the quiet title

25   action against Chase.

26       32.    During the pendency of the litigation, no other party claimed an interest adverse to

27   Plaintiff's interest in the Property.

28       33.    On June 2, 2015, My Home Now and Chase entered into a Stipulation and Order

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

Chase supported by consideration. The terms of the Stipulation stated as follows:

> "1. Defendant JP MORGAN CHASE BANK, N.A. disclaimed any interest in the property located at 7555 Glowing Ember Court, Unit 101, Las Vegas, NV 89130; Parcel No. 125-27-219-013 through a Disclaimer of Interest filed herein...on February 9, 2015.

> 2. Based upon the filed Disclaimer of Interest and the representations of counsel, Plaintiff MY HOME NOW **agrees to dismiss any and all claims** as set forth in its First Amended Complaint filed on May 11, 2015...in the above-referenced case **with prejudice** to Defendant JP MORGAN CHASE BANK, N.A. only. The claims remain as to all other parties. (Emphasis added.)

> 3. The parties will bear their own attorneys' fees and costs." (Exhibit 13).

34.     Pursuant to the terms of the Stipulation, the Court entered an Order, which states as follows:

> "IT IS ORDERED that Plaintiff's first Amended Complaint for Quiet Title and Declaratory Relief be and hereby is **Dismissed with Prejudice against Defendant JP MORGAN CHASE BANK, N.A.**, as to any and all claims **based upon facts alleged therein** as to Defendant JP MORGAN CHASE BANK, N.A., with each party to bear its own costs and attorney's fees."(*Id.*)

35.     As of June 2, 2015, when the Stipulation of Dismissal was entered, Chase was the only recorded holder of an interest in the Property, as beneficiary under the subject Deed of Trust, and Chase had not executed an assignment of any interest in the Property, in favor of any other party.

36.     The Disclaimer of Interest filed by Chase, denying any interest in the Property, which gave rise to Plaintiff's agreement to enter into the Stipulation and Dismissal was filed in reckless disregard to the truth or falsity of any interest which would have allowed Chase to execute the July 31, 2015 assignment of interest in favor of HUD.

37.     On or about July 31, 2015, despite having disclaimed "all legal and equitable interest" in the subject real property, Chase executed a purported assignment of the subject Deed of Trust, in favor of the Secretary of Housing and Urban Development ("HUD") and the same was recorded on September 23, 2015.

38.     Neither Chase nor HUD disclosed their purported assignment to Plaintiff and the purported assignment was not known to Plaintiff until it was discovered by Plaintiff, through its own diligence, after September 23, 2015.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

39.     Neither Chase, HUD, nor U.S.. Bank disclosed the purported assignment, between HUD and U.S.. Bank,  to Plaintiff and the purported assignment was not known to Plaintiff until it was discovered by Plaintiff, through its own diligence, after September 23, 2015.

40.     Between July 31, 2015 and September 23, 2015, the date the purported assignments were recorded, Chase  neither communicated, nor made any effort  to make Plaintiff or its counsel aware of the impending recordings against Plaintiff's title.

41.     As of July 31, 2015, Chase knew that 1) Chase had disclaimed all interest in the Property, as of February 2, 2015, without reservation; 2) Plaintiff had relied to its detriment on Chase's full disclaimer; 3) Plaintiff and Chase had entered into a reciprocal agreement to dismiss all claims, related to Chase's interest; and 4) The dismissal of Chase with prejudice was intended to preclude the parties from asserting future claims, respecting the Property, against each other.

42.     After disclaiming any and all interest in the Property, under the subject Deed of Trust, Chase  failed  to  identify  or  disclose  the  identity  of  the  party  to  whom  it  might  have purportedly transferred an interest and did not provide a scintilla of identifying information.

43.     The post-disclaimer and post-dismissal with prejudice acts by Chase, to assign an interest in the Property to HUD, were done knowingly and/or with a reckless disregard to truth or falsity of the prior Disclaimer of Interest and had the effect of disparaging Plaintiff's title to the Property.

44.     During the pendency of the litigation, Plaintiff amended its' Complaint to include John D. MacArthur, the prior owner, in the first quiet title lawsuit. On or about October 14, 2015, John D. MacArthur was defaulted.

45.     On or about March 15, 2015, My Home Now filed its First Amended Complaint for Quiet Title and Declaratory Relief, which added John D. MacArthur ("MacArthur"), as a party Defendant, who was defaulted on or about October 14, 2015.

46.     On or about November 25, 2015, a Default Judgment was entered in favor of My Home Now, against MacArthur, on Plaintiff's Motion for Default, and the Court rendered Judgment and Decreed as follows, in Glowing Ember #1:

- Acknowledged Chase's Disclaimer of Interest filed on February 9, 2015 and the Stipulation and Order of Dismissal  filed on June 7, 2015;

- • Entered judgment in favor of My Home Now, against MacArthur and any ROE entity, quieting title to the subject real property "free and clear of the Deed of Trust recorded on September 18, 2008 or any other interest of said Defendant."

- • Entered judgment in favor of My Home Now, as a result of the Foreclosure Sale occurring on May 2, 2014 and the recordation of a Foreclosure Deed pursuant to 116.31164 on May 5, 2014 , finding "the interests of MacArthur and any ROE entity were extinguished as a matter of law."

- • Decreed that "title to the subject real property vested in My Home Now, free and clear of MacArthur and any and all ROE entities, including but not limited to any claims relating to, arising from or otherwise set forth in the deed of trust recorded on September 18, 2008 as instrument number 20080918:05561." (Exhibit 14).

47.     The Default Judgment was a final judgment, which not challenged or appealed by Chase or any other party, including U.S. Bank or Caliber, which was duly recorded on November 30, 2015, with the Clark County Recorder, at Instrument No. 201511300001274. (*Id.*)

48.     The Judgment and Decree entered by the Honorable Andrew P. Gordon, in Glowing Ember #1 constituted the law of the case, with regard to the subject real property and the subject Deed of Trust.

49.     The law of the case established legal and equitable ownership of the subject real property in favor of My Home Now, as of November 25, 2015, vesting free and clear title in My Home Now, which was binding upon Chase, as of November 25, 2015 and remains binding upon Chase, Chase's purported assignee, HUD, and HUD'S purported assignee U.S. Bank.

50.     Chase did not purport to assign an interest to HUD until after Chase's execution of both the Disclaimer and the Stipulation and the purported assignment did not have any legal effect.

51.     On or about March 11, 2016, approximately four (4) months after the final judgment was entered quieting title in favor of Plaintiff, Caliber sent an email to counsel for Plaintiff purporting to seek  a payoff of delinquent HOA/lien fees and claiming to hold an interest in the Property. Caliber held itself out  to be the "servicer". (Exhibit 15).

52.     Caliber has claimed its interest under the set of purported assignments, recorded on September 25, 2015, from Chase to HUD and HUD to U.S. Bank.

53.     Neither U.S. Bank nor Caliber entered or sought to intervene in the first quiet title action, either prior subsequent to the final entry of judgment.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

54. To date, neither U.S. Bank, Caliber nor Chase have filed any pleadings, challenging the final entry of judgment, in the first quiet title action.

55. Neither HUD, U.S. Bank nor Caliber had a recorded interest in the subject real property as of May 2, 2014, the date the Noonans, the original bona fide purchasers, purchased the subject real property at the public foreclosure auction and recorded their interest, as required by Nevada law.

56. Neither HUD, U.S. Bank nor Caliber had a recorded interest in the subject real property as of June 18, 2014, the date My Home Now the successor bona fide purchaser, purchased the subject real property and recorded its interest, as required by Nevada law.

57. Neither HUD, U.S. Bank nor Caliber had a recorded interest in the subject real property as of October 6, 2014, when My Home Now filed its Complaint for Quiet Title and Declaratory Relief, in the first iteration case, against Chase, in Glowing Ember #1.

58. NRS 111.325 provides as follows:

**"Unrecorded conveyances void as against subsequent bona fide purchaser for value when conveyance recorded.** Every conveyance of real property within this State hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real property, or any portion thereof, where his or her own conveyance shall be first duly recorded."

59. My Home Now and the Court relied upon Chase's Disclaimer of Interest and the Stipulation and Order Dismissing Chase, in the adjudication of Glowing Ember #1 and Chase is estopped from purporting to assign "all beneficial interest" under the subject Deed of Trust to HUD, after " disclaiming all legal and equitable interest", as a matter of record, in Glowing Ember #1.

60. On or about June 24, 2016, U.S. Bank filed a Notice of Lis Pendens (ECF #.25), asserting its purported interest in the subject real property, under the purported assignments by Chase to HUD and HUD to U.S. Bank.

61. Neither HUD nor U.S. Bank had a recorded interest in the subject real property prior to the recorded acquisition by the original bona fide purchasers, the recorded acquisition by My

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

Home Now, or the filing of Glowing Ember #1.

62.     As of November 25, 2015, title to the Property vested in My Home Now free and clear of any interest of MacArthur and Chase, inclusive of any claim which might be made under Chase's interest, and preclusive of any claim by HUD or under HUD alleged interest.

63.     As of November 25, 2015, the interests of any and all ROE entities were extinguished, in favor of My Home Now's free and clear title, specifically claims arising under the subject Deed of Trust, inclusive of any claims under HUD's alleged interest or by U.S. Bank and Caliber.

64.     Plaintiff attempted to obtain title insurance for the Property and same was rejected in or around February, 2016 based upon the existence of a cloud on title caused by the assignments of interest recorded on September 23, 2015. (Exhibit 16).

65.     Defendants U.S. Bank and Caliber claim an interest in the Property, under the Deed of Trust, which is predicated on the purported assignment by Chase to HUD and the same, along with the existing Lis Pendens,  has slandered Plaintiff's title and rendered it unmarketable.

## IV. STANDARD OF REVIEW

### A.     Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. St. 2505, 91 L.Ed. 2d 202 (1986). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case. *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)."

Conversely, when the moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: 1) by presenting evidence to negate an essential element of the nonmoving party's case; or 2) demonstrating that the nonmoving party failed to make a showing sufficient to establish an essential element of that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. See *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. See Fed. R. Civ. P. 56 (e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

at 249. The non-movant's evidence is "to be believed, and all justifiable inferences are to the drawn in his favor." *Id*. At 255. But, if the evidence of the nonmoving party is merely colorable or it is not significantly probative, summary judgment is warranted.

## V.    ARGUMENT

### A.    The Disclaimer of Interest, Stipulation and Order Dismissing Chase and Default Judgment, in the Glowing Ember #1 Litigation, are Binding as a Matter of Law and Equity; and Summary Judgment is Warranted on the First Claim for Relief, as to Defendants U.S. Bank and Caliber.

In the prior litigation, Chase appeared, filed an Answer to an initial complaint and was served with an amended complaint. Within days of being served with the amended complaint, Chase filed a formal Disclaimer of Interest. (Ex. 10). The Disclaimer of Interest stated plainly that Chase disclaimed "any legal or equitable interest in the subject real property". (Id.)

In June of 2015, four (4) months later, Chase executed a formal Stipulation, the purpose of which was to benefit Chase, in the form of a dismissal from the litigation. The Stipulation reiterated Chase's disclaimer and included a recitation of My Home Now's reliance on the disclaimer in agreeing to dismiss Chase. My Home Now relied on the disclaimer, to its detriment, and agreed to dismiss "any and all claims as set forth in its First Amended Complaint filed on May 11, 2015 **with prejudice** against Chase".

On or about June 2, 2015, the Court entered an Order on the Stipulation dismissing the First Amended Complaint with prejudice "as to any and all claims based upon facts alleged" as to Chase. (*Id*.).    The dismissal relieved Chase, as a party, from defending litigation which sought to determine the rightful owner of title to the subject real property. In its prayer for relief, My Home Now had sought a declaration that Chase "be declared to have no right, title or interest in the [subject real property]." The Disclaimer of Interest and the Stipulation constituted Chase's binding, formal acknowledgment that Chase did **not** have any right, title or interest in the real property

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

located at  7555 Glowing Ember Court, Unit 101, Las Vegas, NV 89130, Parcel No. 125-27-219-013 from removal of the first iteration to federal court through the present.

**1.**   **The Post-Disclaimer "Successors" are Judicially Estopped from Claiming an Interest in the Subject Real Property or Under the Subject Deed of Trust, Warranting Summary Judgment in the Form of Declaratory Relief and Quiet Title.**

Both U.S. Bank and Caliber claim their interest in the Property under Chase and the purported assignment by Chase to HUD, which was made after Chase disclaimed its interest and entered into the Stipulation and Dismissal.  Chase no longer claims an interest in the Property. However, if it did, it would be judicially estopped from asserting any right, title or interest, therein, after the dismissal with prejudice of in Glowing Ember #1, which was predicated on its disclaimer of interest.

Chase's "successors" must stand in its shoes. Consequently, U.S. Bank and Caliber are judicially estopped from claiming an interest under or through Chase, which is contrary to Chase's disclaimer of interest and could not be claimed by Chase.  The doctrine of judicial estoppel is sometimes referred to as the doctrine of preclusion of inconsistent positions and is  invoked to prevent a party from changing its position over the course of judicial proceedings when such positional changes have an adverse impact on the judicial process.

The doctrine of judicial estoppel focuses exclusively on preventing the use of inconsistent assertions to protect the judiciary's integrity and to prevent a party from taking inconsistent positions in an attempt to obtain an unfair advantage or "playing fast and loose with the courts." *Rockwell Intern. v. Hanford Atomic Metal Trades*, 851 F. 2d 1208 (9th Cir. 1988), *So. California Edison v. First Jud. Dist. Ct.*, 255 P.3d 231 (Nev. 2011).

The U.S. Supreme Court recognizes that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle."

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

*New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). Federal courts in jurisdiction have considered three factors in determining the applicability of the doctrine of judicial estoppel: (1) whether the party's position is "clearly inconsistent" with an earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and (3) whether the party advancing an inconsistent position "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. (*Id.*).

The instant matter clearly invokes application of the judicial estoppel doctrine, as all of the factors were met. The first position is that Chase transferred its interest prior to the first iteration. As set forth in the Disclaimer of Interest, "disclaimed any legal or equitable interest in the subject real property" in February of 2015. (*See* Ex. 12). Chase's position was made during the course of litigation, which litigation was dismissed by My Home Now with prejudice, in reliance upon the disclaimer. Chase was successful in asserting its' first position and notwithstanding its more recent position, Chase's successors may not advantage themselves with a contrary position.

Approximately two (2) months after the dismissal of the case as to Chase, which was predicated on Chase's disclaimer of all interest in the subject real property, a document entitled "Nevada Assignment of Deed of Trust" was executed in Monroe, Louisiana, wherein, Chase purported to "grant, sell, assign, transfer and convey...***all beneficial interest*** under [the subject Deed of Trust]". (Emphasis added.) This document is notarized and dated after Chase's disclaimer.

The following month, HUD executed an untitled document in favor of U.S. Bank purporting "to assign and transfer...all its right, titled and interest in and to the [subject Deed of Trust]." (Ex. 17). Chase's use of the terminology "beneficial interest", with regard to the purported assignment to HUD is mere semantics as Chase had disclaimed **all** legal and equitable interest in favor of My

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

Home Now. A beneficial interest, which is equitable in nature, is defined as "[a] right in something, as opposed to legal title to that thing".  Black's Law Dictionary (9 ed. 2009).

The second position is that Chase claims it assigned its' interest in the subject property after dismissal from the first iteration.  Although Chase denies it retained an interest in the subject property through its Disclaimer, it purported transferred an interest to HUD after Chase was dismissed from the first iteration. U.S. Bank holds itself out as the owner of the subject real property, which ownership claim is predicated on Chase's post-disclaimer assignment.

The two (2) positions are patently inconsistent. The first position was not taken as a result of ignorance, fraud or mistake. To the contrary, Chase was represented by the same counsel, with regard to both positions.  It is clear from Chase's pleadings on file that a knowing, informed decision, presumably upon the advice of counsel, was made to take the position of disclaiming all legal and equitable interest.

Once taken, Chase was bound by and to the first position. Under the doctrine of judicial estoppel a party may be estopped merely by the fact of having alleged or admitted in pleadings in a former proceeding the contrary of the assertion sought to be made. *Sterling Builders, Inc. v. Fuhrman*, 80 Nev. 543, 549, 396 P.2d 850, 854 (1964), (a plaintiff who filed a claim and received benefits, asserting an accidental injury was barred from filing a latter claim asserting intentional injury); *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (finding that a plaintiff was judicially estopped from asserting an interest or claim, where the plaintiff failed to disclose the existence of the interest in a prior bankruptcy proceeding and summary judgment was entered against the plaintiff who tried to assert an inconsistent position).

Between the June 2015 entry of the Stipulation and Order and the November 2015 final judgment, none of the Defendants involved themselves in the Glowing Ember #1 litigation. The November 2015 judgment, which referenced the disclaimer of interest, was a *judgment* as defined

by Rule 54 of the Federal Rules of Civil Procedure as "any order from which an appeal lies," which has not been timely appealed. Fed. R. Civ. P. 54.

Plaintiff's Second Amended Complaint does not seek to quiet title against Chase, as the Court dismissed the quiet title claim with prejudice under the First Amended Complaint. However, it remains that, notwithstanding the same, Chase did **not** have a *beneficial interest,* which survived Disclaimer of Interest and Stipulation of Dismiss, in the prior litigation. Additionally, the final judgment entered in the prior litigation further resolved the matter of "any claims relating to, arising from...the deed of trust recorded on September 18, 2008 as instrument number 200809240005561" and vested title free and clear of all interests of "and any ROE ENTITY". (See Ex. 14).

As noted, the final judgment in the first iteration was not appealed and neither HUD, U.S. Bank nor Caliber sought to intervene in the initial litigation, at any time, prior or subsequent to the November 2015 entry of final judgment. While none of the successors, purporting to have acquired a post-disclaimer interest(s), enjoyed cognizable claims, their forum to assert any claimed interest would have been in the Glowing Ember #1 case, where the law of the case was established. Pursuant to the law of the case doctrine, the Disclaimer, Stipulation, Order and Default Judgment must be given full force and effect, warranting entry of summary judgment on the Quiet Title claim, against U.S. Bank and Caliber, in favor of My Home Now.

> 2. **The Post-Disclaimer "Successors" are Equitably Estopped from Claiming an Interest in the Subject Real Property or Under the Subject Deed of Trust, Warranting Declaratory Relief and Quiet Title.**

Chase's "successors" are equitably estopped from claiming an interest through Chase, which is contrary to Chase's disclaimer of interest.  Equitable estoppel is close in concept to the doctrine of judicial estoppel.  The doctrine of equitable estoppel, focuses principally on the relationship among the parties. As such, a party is equitably estopped from asserting an inconsistent

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

position whenever the adverse party has detrimentally relied on it. *In re Harrison Living Trust*, 112 P.3d 1058, 1061-62 (Nev. 2005) (equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct).

Chase was advantaged, in the form of the dismissal with prejudice in its favor as to "any and all claims based upon the First Amended Complaint" in the Glowing Ember #1 quiet title action, predicated on the disclaimer of any legal or equitable interest. After the dismissal, Chase purported to assign a "beneficial interest", where no interest existed. Now, U.S. Bank and Caliber seek to assert an interest under a purported assignment by Chase and HUD, where neither Chase nor HUD had an interest to assign.

U.S. Bank and Caliber would have the Court allow Chase to disclaim its interest in a quiet title action, obtain a stipulated dismissal with prejudice in its favor against My Home Now and then purport to convey the disclaimed interest to a third party by a latter executed assignment. The scenario, proposed by Chase, invites a level of cognitive dissonance that belies principles of equity and is inconsistent with the rule of law.

A finding of equitable estoppel must rest on consideration of several factors. Of critical importance is a showing of the plaintiff's actual and reasonable reliance on the defendant's conduct or representations. In the instant case, My Home Now relied to its detriment on the disclaimer and the dismissal. Contrary to U.S. Bank and Calibers' assertions, the post-dismissal recordation did not alter My Home Now's vested interest in the subject real property. The subsequent assignment could not fashion a whole-cloth interest Chase, where none existed. Equitable estoppel consists of four elements:

> (1) the party to be estopped must be apprised of the true facts; (2) the acting party must intend that the conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) the aggrieved party must have relied to its detriment on the conduct of the party to be estopped.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

In the instant litigation, U.S. Bank and Caliber, the acting parties, purport that Chase had a "beneficial interest" in the Property when Chase executed the purported assignment in July 2015. The fact remains that no legal writing existed between Chase and HUD or any other entity from February 9, 2015, when Chase executed the disclaimer, through Chase's July 31, 2015 execution of an assignment that gave Chase an interest in the subject property. Therefore the assignment from Chase was without legal effect to alter the prior disclaimer, which was made without reservation.

**B.**      **Claim and Issue Preclusion Chase's "successors" from Claiming an Interest in the Subject Real Property or Under the Subject Deed of Trust, Warranting Declaratory Relief and Quiet Title in Favor of My Home Now.**

The doctrine of res judicata bars future claims arising from facts that have already been the subject of litigation. The purpose of the doctrine, which presupposes identity between causes of action, is to ensure that all possible claims will be brought and adjudicated in the same action. *Holcombe v. Hosmer*, 477 F.3d 1094, 1098 (9th Cir. 2007) (for the purposes of defining a claim under Nevada law, when the same evidence supports both the present and the former cause of action, the two causes of action are identical).

Nevada departed from using *res judicata*, in its traditional sense, in favor of recognizing the doctrines of issue preclusion and claim preclusion. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709 (Nev. 2008) (recounting Nevada's history of the doctrines of claim preclusion and issue preclusion).

**1.**      **Summary Judgment is warranted on the basis of claim preclusion.**

Claim preclusion under the doctrine of res judicata applies when "a final judgment on the merits bars further claims by the same parties or their privies based on the same cause of action."*Montana v. United States*, 440 US 147 (S. Ct. 1979). In *Montana*, the U. S. Supreme Court noted that a fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction. . . cannot be disputed in a subsequent suit

between the same parties or their privies. Id., citing, *Southern Pacific R. Co. v. United States*, 168 U. S. 1, 48-49 (1897) (intent of claim preclusion is to preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions).

In *Five-Star*, the Nevada Supreme Court set forth a three-part test for determining whether claim preclusion should apply. This test maintains the well-established principle that claim preclusion applies to all grounds of recovery that were or could have been brought in the first case. This federal district recognizes *Five-Star* and the three (3) factors are embraced by state and federal court alike:

> (1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case.

### 2. __Summary judgment is warranted on the basis of issue preclusion.__

The doctrine of collateral estoppel is applicable when non-parties assume control over litigation in which they claim an interest and then seek to redetermine issues previously resolved. While the doctrine is recognize by the federal courts, under Nevada law collateral estoppel is referred to as "issue preclusion". In determining whether a claim is barred by issue preclusion, the federal court must look to state law.

In the instant case, Chase's "successors" seek not to be bound by the prior litigation. The Defendants seek to enjoy the benefits of the litigation, while attempting to avoid the respective responsibilities. However, while the U. S. Bank and Caliber were not parties to the Glowing Ember #1 litigation, they are not "strangers" to that action, by law. *See Montana,* citing, *Schnell v. Peter Eckrich & Sons, Inc.*, 365 US 260 (S. Ct. 1961) ([O]ne who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

action in aid of some interest of his own . . . is as much bound . . . as he would be if he had been a party to the record).

The re-litigation of any claims that were raised or could have been raised in a prior action is prohibited and the prohibition applies to all grounds of recovery that were or could have been brought in the first case. Under Nevada law, for claim or issue preclusion to apply: (1) the issue decided in the prior adjudication must be identical to the issue presented in the action in question; (2) there must be a final judgment on the merits; (3) the party against whom the judgment is asserted must have been a party, or in privity with a party, to the prior adjudication; and (4) the issue was actually and necessarily litigated.

The later prong distinguishes the two (2) doctrines. Issue preclusion applies only where an issue in a prior case was "actually and necessarily litigated," meaning that it was "necessary to the judgment in the earlier suit." Clearly, Chase's disclaimer of interest was withing the meaning of actually and necessarily litigated, with regard both the February 2, 2015, dismissal with prejudice and the November 25, 2015, default judgment.

For the foregoing reasons, summary judgment is warranted in favor of Plaintiff, My Home Now, and against U.S. Bank and Caliber, as to the First Claim for Relief, set forth in the Second Amended Complaint for Quiet Title and Declaratory Relief.

**C.   Defendants, each of them, clouded My Home Now's Title to the Subject Real Property and My Home Now is Entitled to Summary Judgment.**

Slander of title involves false and malicious communications that disparage a party's title in land and cause special damages. In the instant case, as of November 25, 2015, all title to the subject real property vested in My Home Now, pursuant to the judgment, order and decree of the Court. The Court Order, which was a matter of public record, expressly stated that My Home Now's vested title was "free and clear of any claims relating to, arising from, or otherwise set forth in the

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

[subject deed of trust]." Chase had actual knowledge of the proceedings and its purported assignee(s) and successor(s) were charged with the same knowledge.

Notwithstanding the same, without lawful authority or right, Defendants engaged in intentional conduct, which had the effect of clouding My Home Now's title, including but not limited to the recording of assignments, by Chase and HUD, and a Lis Pendens, recorded by U.S. Bank. Consequently, My Home Now has been unable to transfer the property or obtain title insurance.

Chase had disclaimed "any legal of equitable interest" in the subject real property as of February, 2005, and the knowing, wilful and malicious actions of the Defendants, each of them, were done with the deliberate intent to harm and injure My Home Now and to advantage Defendants, each of them.  By interfering with and attempting to deprive My Home Now of its existing property ownership, Defendants, each of them, slandered My Home Now's title to the subject real property.

For the foregoing reasons, summary judgment is warranted in favor of Plaintiff, My Home Now, and against Defendants, Chase, U.S. Bank and Caliber, as to the Second Claim for Relief, set forth in the First Amended Complaint for Quiet Title and Declaratory Relief.

D.    **Chase Breached its Contract With My Home Now and My Home Now is Entitled to Summary Judgment Against Chase.**

In the instant case, Chase entered into an agreement with My Home Now, whereby My Home Now fully performed, by dismissing its claims against Chase, with prejudice, in exchange for Chase's disclaimer of any interest equitable or legal interest, upon which My Home Now relied to its detriment.  Subsequent to the entry of dismissal, in Chase's favor, Chase breached the agreement, by executing and recording a purported assignment of an alleged "beneficial interest" in the subject real property to a third-party, HUD.  HUD executed and recorded a purported

assignment of the alleged interest to U.S. Bank.  Subsequently, U.S. Bank filed a Notice of Lis

Pendens which, along with the purported assignments of interest, has slandered and clouded My

Home Now's vested title. The post-disclaimer claims of interest by Chase and the successor

assignees are directly contrary to the Disclaimer of Interest and the Stipulation executed by Chase

and relied upon by My Home Now.

     For the foregoing reasons, summary judgment is warranted in favor of Plaintiff, My Home

Now, and against Defendants, Chase, U.S. Bank and Caliber, as to the Third Claim for Relief, set

forth in the First Amended Complaint for Quiet Title and Declaratory Relief.

**E.**     **<u>Defendants Caliber and U.S. Bank lack standing in the instant lawsuit as
Neither HUD nor U.S. Bank Have a Legal or Equitable Interest in the Subject
Real Property.</u>**

     In the instant case, Defendant, Chase's interest was recorded in an assignment from Metlife

Bank, N.A., on or about September 19, 2013.  Metlife, as Assignor, conveyed to Chase, as Assignee

its "***<u>beneficial interest under the Deed of Trust</u>***." On or about June 2, 2015, in Glowing Ember #1,

My Home Now and Chase entered into a Stipulation and Order, supported by equitable

consideration. Pursuant thereto, Chase disclaimed "any legal or equitable interest in the subject real

property" and under the subject Deed of Trust. On or about November 25, 2015, the Court entered

a final Order closing the case, which incorporated Chase's disclaimer of interest. The Court's final

Order quieted title in favor of My Home Now.

     Defendants U.S. Bank and Caliber attempt to advance claim(s) in Glowing Ember #2 ,

under purported assignments of interest from Chase to HUD, and from HUD to U.S. Bank, recorded

on or about September 23, 2015.  The September 2015 assignments purport to "transfer all

beneficial interest under [the subject] Deed of Trust" from Chase to HUD and HUD to U.S. Bank.

(*See* Ex. 1, Ex. 2). However, as of June 2015, Chase had entered into a legally binding stipulation

disclaiming its interest.

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

Neither U.S. Bank nor Caliber had a recorded interest in the subject real property as of May 2, 2014, the date the Noonans, the original bona fide purchasers, purchased the subject real property at the public foreclosure auction and recorded their interest, as required by Nevada law. *SFR Investments Pool 1, v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014)(en banc). Neither U.S. Bank nor Caliber had a recorded interest in the subject real property as of June 18, 2014, the date Plaintiff, My Home Now, LLC, the successor bona fide purchaser, purchased the subject real property nor Caliber and recorded its interest, as required by Nevada law. NRS 111.325 provides that unrecorded conveyances are void as against subsequent bona fide purchasers when conveyances are recorded, stating as follows:

" Every conveyance of real property within this State hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real property, or any portion thereof, where his or her own conveyance shall be first duly recorded."

Neither U.S. Bank nor Caliber had a recorded interest in the subject real property as of October 6, 2014, when My Home Now filed its Complaint for Quiet Title and Declaratory Relief, in the first iteration case, against Chase. Neither U.S. Bank, nor HUD its predecessor in interest, sought to challenge the stipulation or the Glowing Ember #1 litigation. Any standing arising from the September 2015 purported assignments was extinguished in the Glowing Ember #1 proceedings, which were dispositive of Chase's interest, inclusive of its "beneficial interest". Chase's "interest" did not survive the Glowing Ember # 1 litigation and, consequently, neither U.S. Bank nor Caliber have standing under Glowing Ember #2.

F.   **Defendants, each of them, Caused My Home Now to Prosecute the Instant Litigation, Warranting Attorneys' Fees and My Home Now is Entitled to Summary Judgment.**

A district court may award attorney fees as special damages, in a slander of title case, when a litigant seeks to remove a cloud upon title. In *Horgan v. Felton*, 170 P. 3d 982 (Nev. 2007), the

Nevada Supreme Court affirmed its holding in *Sandy Valley Assocs. v. Sky Ranch Estates*, 35 P. 3d 964 (Nev. 2001) holding that attorney fees as damages must be specially pleaded under NRCP 9(g). The Court acknowledged that the cases cited by *Sandy Valley* for the proposition that attorney fees must be specially pleaded do not directly address NRCP 9(g) and when attorney fees must be specially pleaded under this rule. See *International Indus. v. United Mtg. Co.*, 96 Nev. 150, 606 P.2d 163 (1980) (holding that when a lessor did not recover compensatory damages nor attorney fees as damages, an award of attorney fees was improper); *City of Las Vegas v. Cragin Industries*, 86 Nev. 933, 478 P.2d 585 (1970) (award of attorney fees not proper when the complaint only alleged the necessity for the services of counsel and simply requested attorney fees); *Brown v. Jones*, 5 Nev. 374 (1870) (complaint must allege with distinctness fees resulting only from dissolution of injunction).

However, the plain language of NRCP 9(g) requires that "[w]hen items of special damages are claimed, they shall be specifically stated. See also *Conservative Club of Washington v. Finkelstein*, 738 F.Supp. 6 (D.D.C.1990). Since attorney fees are items of special damages in a slander of title case, it follows that they must be specially pleaded under NRCP 9(g), as My Home has done.

For the foregoing reasons, summary judgment is warranted in favor of Plaintiff, My Home Now, and against Defendants, Chase, U.S. Bank and Caliber, as to the Fourth Claim for Relief, set forth in the First Amended Complaint for Quiet Title and Declaratory Relief.

WHEREFORE, Plaintiffs, hereby, prays that this Court grant summary judgment as to each count of Plaintiff, MY HOME NOW'S, First Amended Complaint for Quiet Title and Declaratory Relief, as follows:

1.   Enter summary judgment on Plaintiff's First Claim for Relief declaring that Plaintiff, MY HOME NOW, LLC is the rightful owner of property located at 7555 Glowing

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

Ember Court, Unit 101, Las Vegas, Nevada 89130, APN 125-27-219-013 ("subject real property"), subject to a Deed of Trust, in favor of Metlife Home Loans, division of Metlife Bank, N.A., duly recorded on September 24, 2008, in the Official Records the Clark County Recorder, pursuant to Instrument No. 20080918:05561;

2. Enter an Order directing Defendant, U.S. BANK TRUST, N.A. to release the Lis Pendens (ECF No. 25) recorded against the subject real property;

3. Enter summary judgment on Plaintiff's Second Claim for Relief for Slander of Title, against Defendants, JP MORGAN CHASE, N.A., U.S. BANK TRUST, N.A. and CALIBER HOME LOANS;

4. Enter summary judgment on Plaintiff's Third Claim for Relief for Breach, against Defendant, JP MORGAN CHASE, N.A.;

5. Enter summary judgment on Plaintiff's Fourth Claim for Relief for Attorneys' Fees, against Defendants, JP MORGAN CHASE, N.A., U.S. BANK TRUST, N.A. and CALIBER HOME LOANS, as special damages, pled and incurred the prosecution of to remove a cloud upon title;

6. For such general and special damages, subject to prove up;

7. For punitive damages, subject to prove up;

8. For such other attorney's fees as special damages, subject to prove up;

9. For such other attorney's fees, as allowed by statute or rule, subject to prove up;

10. For all such other relief as is just and proper in the premises.

DATED this 29th day of March, 2017.

THE WRIGHT LAW GROUP, PC

By: _____
JOHN HENRY WRIGHT, ESQ.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada  89102
Attorneys for Plaintiff
MY HOME NOW, LLC

1
2
3
4
5
6
7

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of March, 2017, I electronically filed the

**MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S SECOND AMENDED**

**COMPLAINT [ECF#59] using** the CM/ECF system, which will cause the document to be served

upon the following counsel of record::

Edgar C. Smith, Esq.
Aaron D. Lancaster, Esq.
WRIGHT, FINLEY & ZAK, LLP
7785 W. Sahara Avenue, Suite 200
Las Vegas, Nevada 89117
Attorneys for Defendant
U.S. Bank, N.A. and Caliber Home Loans, Inc.


Abran E. Vigil, Esq.
Holly Ann Priest, Esq.
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Attorneys for JP Morgan Chase Bank, N.A.


_____
An Employee of The Wright Law Group