**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MY HOME NOW, LLC, a Nevada Limited Liability Company, | |
| Plaintiff, | Case No.: 2:16-cv-00727-GMN-NJK |
| vs. | **ORDER** |
| JP MORGAN CHASE BANK, N.A. a National Banking Corporation; U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, a National Banking Corporation; CALIBER HOME LOANS, INC., a South Carolina Corporation, | |
| Defendants. | |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 67), filed by Defendant JP Morgan Chase Bank, N.A. ("Chase"). Plaintiff My Home Now, LLC ("Plaintiff") filed a Response, (ECF No. 70), and Chase filed a Reply, (ECF No. 75).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 68), filed by Plaintiff. Defendants Caliber Home Loans, Inc. ("Caliber") and U.S. Bank Trust, N.A. ("U.S. Bank") filed a Response, (ECF No. 69), and Chase (collectively "Defendants") also filed a Response, (ECF No. 71). Plaintiff filed Replies, (ECF Nos. 76, 77).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 79), filed by Defendants Caliber and U.S. Bank. Plaintiff filed a Response, (ECF No. 81), and Caliber and U.S. Bank filed a Reply, (ECF No. 82).

## I. BACKGROUND

This case arises out of the parties' disputed ownership of real property located at 7555 Glowing Ember Court, Unit 101, Las Vegas, Nevada, 89130, APN 125-27-219-013 (the "Property"). (*See* Deed of Trust, Ex. A to Chase's Mot. for Summ. J. ("MSJ"), ECF No. 67-1).[1] Specifically, on September 18, 2008, John MacArthur ("MacArthur") purchased the Property subject to a Deed of Trust with a loan obtained from Metlife Home Loans, a Division of Metlife Bank, N.A. ("Metlife").[2] (*Id.*). On January 5, 2012, a Notice of Delinquent Assessment Lien was recorded against the Property on behalf of Summerhills Condominiums Unit 1 (the "HOA") by Nevada Association Services, Inc. (the "HOA Trustee"). (Not. of Delinquent Assessment, Ex. 5 to U.S. Bank's Request for Jud. Notice, ECF No. 55-5). The Notice of Default and Election to Sell under the Homeowners Association Lien was recorded against the Property by the HOA Trustee on March 7, 2012. (Not. of Default, Ex. 6 to U.S. Bank's Request for Jud. Notice, ECF No. 55-6).

On September 19, 2013, Metlife recorded a Corporate Assignment of Deed of Trust where it assigned its interest under the Deed of Trust to Chase. (Assignment to Chase, Ex. C to Chase's MSJ, ECF No. 67-3). A Notice of the Foreclosure Sale was recorded against the Property by the HOA Trustee on April 10, 2014. (Not. of Foreclosure, Ex. 7 to U.S. Bank's Request for Jud. Notice, ECF No. 55-7). On May 2, 2014, a non-judicial foreclosure sale occurred whereby Suzannah R. Noonan and Anthony S. Noonan ("the Noonans") acquired interest in the Property; the Noonans recorded this interest on May 5, 2014. (Foreclosure Deed, Ex. 8 to U.S. Bank's Request for Jud. Notice, ECF No. 55-8); (*see* Pl.'s MSJ ¶ 10, ECF No.

---

[1] The Court takes judicial notice of the following recorded documents: Deed of Trust, (ECF No. 67-1); Mortgage Electronic Registration Systems, Inc. ("MERS") Assignment to MetLife, (ECF No. 67-2); MetLife Assignment to Chase, (ECF No. 67-3); Chase Assignment to HUD, (ECF No. 67-7); HUD Assignment to U.S. Bank, (ECF No. 67-10); Notice of Delinquent Assessment Lien, (ECF No. 55-5); Notice of Default and Election to Sell, (ECF No 55-6); Notice of the Foreclosure Sale, (ECF No. 55-7); Noonans' Recorded Interest, (ECF No. 55-8).
[2] On February 17, 2012, and April 5, 2012, MERS, as nominee for Metlife, assigned and transferred all beneficial interest under the Deed of Trust to Metlife. (Exs. 5, 6 to Pl.'s MSJ, ECF Nos. 68-6, 68-7).

68).  On June 18, 2014, the Property was sold to Plaintiff. (Quitclaim Deed at 15–18, Ex. 9 to Pl.'s MSJ, ECF No. 68-2).

On October 6, 2014, Plaintiff filed a quiet title suit against Chase and unnamed Does and Roes, which was later removed to this District. (State Ct. Compl. at 21–30, Ex. 10 to Pl.'s MSJ, ECF No. 68-2); (*see My Home Now, LLC v. JP Morgan Chase Bank N.A., et al*, 2:14-cv-01958-APG-NJK) (hereinafter the "Prior Action").  However, in February 2015, Chase notified Plaintiff that it "held title for a short period of time and then title was reassigned." (Plaintiff's Letter at 2, Ex. 11 to Pl.'s MSJ, ECF No. 68-3) (hereinafter "Plaintiff's Letter").  "This conversation was memorialized by correspondence from Plaintiff's counsel to Chase's counsel." (Pl.'s MSJ ¶ 26).  Pursuant to this exchange, Chase filed a Disclaimer of Interest (the "Disclaimer") in February 2015, disclaiming any legal or equitable interest in the Property. (Disclaimer of Int. at 5–6, Ex. 12 to Pl.'s MSJ, ECF No. 68-3).  Because Chase filed the Disclaimer, Plaintiff stipulated to dismiss its claims against Chase on June 2, 2015. (Stip. of Dismissal at 8–9, Ex. 13 to Pl.'s MSJ, ECF No. 68-3) (the "Stipulation").

After learning of Chase's assignment, but before issuing the Stipulation, Plaintiff amended its Complaint to add MacArthur as a party. (Plaintiff's Letter at 2).  MacArthur failed to appear.

On July 31, 2015, Chase recorded its previous assignment of interest to the Secretary of Housing and Urban Development ("HUD"), and HUD recorded its assignment of interest to U.S. Bank on August 31, 2015. (*See* Chase Assignment, Ex. 7 to Chase's MSJ, ECF No. 67-7); (HUD Assignment, Ex. 10 to Chase's MSJ, ECF No. 67-10).  These recorded assignments were made public on September 23, 2015. (Chase Assignment, Ex. 7 to Chase's MSJ); (HUD Assignment, Ex. 10 to Chase's MSJ).

In light of this, Plaintiff contacted Chase on October 9, 2015, accusing Chase of committing slander of title by recording its assignment to HUD after filing the Disclaimer.

(Plaintiff's Letter at 2). Notably, on the very same day as it issued Plaintiff's Letter, Plaintiff then filed a motion for entry of clerk's default against MacArthur. (Mot. for Entry of Clerk's Default, Prior Action, ECF No. 30). After the Clerk entered default, Plaintiff filed a motion for default judgment on October 21, 2015, which was ultimately granted on November 25, 2015. (Default J., Prior Action, ECF No. 33). The order granting default judgment held that judgment was entered in favor of Plaintiff and against MacArthur and "any ROE ENTITY quieting title to [the Property]." (*Id.* 5:25–26).

Subsequently, Plaintiff filed the instant Complaint and Defendants removed it to this Court on April 1, 2016. (*See* Pet. for Removal, ECF No. 1). In its Complaint, Plaintiff alleges claims of: (1) quiet title against all Defendants; (2) slander of title against all Defendants; and (3) breach of contract against Chase. (Pet. for Removal Ex. A ("Compl."), ¶¶ 21–52, ECF No. 1-1). On April 26, 2016, Chase filed a motion to dismiss, (ECF No. 8), which the Court granted, (ECF No. 58). In the Order, the Court dismissed with prejudice Plaintiff's quiet title claim against Chase and provided Plaintiff leave to amend its slander of title and breach of contract claims. (Order 5:23–6:6). Plaintiff filed its Amended Complaint, (ECF No. 59), on February 27, 2017.

Chase filed its Motion for Summary Judgment on March 29, 2017, seeking judgment on Plaintiff's slander of title and breach of contract claims. (*See* Chase's MSJ, ECF No. 67). On that same day, Plaintiff filed its Motion for Summary Judgment against Defendants for each cause of action. (*See* Pl.'s MSJ, ECF No. 68). U.S. Bank and Caliber filed their Motion for Summary Judgment on October 11, 2017, seeking summary judgment only on the quiet title cause of action. (*See* U.S. Bank and Caliber's MSJ, ECF No. 79).

II.     **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.     DISCUSSION**

In the instant action, all of the parties involved have filed cross motions for summary judgment on Plaintiff's claims. Because of this, the Court will determine summary judgment on each cause of action rather than on each of the parties' Motions. The Court will therefore first address the quiet title claim and then turn to the slander of title claim and the breach of contract claim.

**A.     Quiet Title against U.S. Bank and Caliber**

Throughout these proceedings, Plaintiff has varied its quiet title arguments from alleging that Chase's assignment is invalid, (*see* Am. Compl. ¶ 58, ECF No. 59), to asserting issue and

claim preclusion pursuant to the Prior Action, (Pl.'s MSJ 21:8–10, ECF No. 68), to arguing that Chase's interest in the Property was originally extinguished due to the HOA's super-priority lien that foreclosed on the home, (Pl.'s Resp. 17:16–17, ECF No. 81). For the sake of clarity, the Court will analyze the quiet title claim as follows: (1) the validity of Chase's assignment; (2) the assertion of claim and issue preclusion; (3) the effect of the Prior Action's judgment; and (4) the foreclosure sale's impact.

### 1. Chase's Assignment

In its Amended Complaint, Plaintiff seeks declaratory relief and quiet title by asserting that "Plaintiff has clean title to the Property pursuant to the Default Judgment and decree entered on November 25, 2015." (Am. Compl. ¶¶ 54–55). Plaintiff continues that "[a]s Chase held no assignable interest in the Property, as of July 31, 2015, the purported assignment did not transfer an interest to [the Secretary of Housing and Urban Development ("HUD")] and HUD did not have an interest to transfer to [U.S. Bank]." (*Id.* ¶ 58).

In Nevada, the elements of a quiet title claim are: "(1) the party seeking to have another party's right to property extinguished, must overcome the presumption in favor of the record titleholder, and (2) to allege that he has paid any debt owed on the property." *Cortes v. Republic Mortg. LLC*, No. 2:14-cv-1235-KJD-VCF, 2014 WL 4354141, at *2 (D. Nev. Sept. 3, 2014); *see* NRS § 40.010.

Here, Plaintiff seeks summary judgment on this claim because "[b]oth U.S. Bank and Caliber claim their interest in the Property under Chase and the purported assignment by Chase to HUD, which was made after Chase disclaimed its interest and entered into the Stipulation and Dismissal." (Pl.'s MSJ 16:6–9). Seemingly, Plaintiff's argument as to why U.S. Bank and Caliber do not have an interest is because "Chase did not have a beneficial interest [that] survived [the] Disclaimer of Interest and Stipulation of Dismiss[al][ ] in the [Prior Action]." (Pl.'s MSJ 19:5–7).

Chase, however, assigned its interest to HUD on August 7, 2014, before Plaintiff filed its complaint in the Prior Action. (*See* Patel Decl. ¶ 5, Ex. H to Chase's MSJ, ECF No. 67-8); (*see also* Advice of Payment, Ex. I to Chase's MSJ, ECF No. 67-9). Although Chase failed to record this assignment until September 2015, (*see* Recs. of Assignments, Exs. H, I to Chase's MSJ, ECF Nos. 71-8. 71-9), "an assignment need not be recorded to be valid." *See, e.g.*, *Lane v. Wells Fargo Bank, N.A.*, No. 3:12-cv-00015-RCJ, 2012 WL 1687105, at *3 (D. Nev. May 14, 2012); *Haischer v. Mortg. Elec. Registration Sys., Inc.*, No. 2:11-cv-01786-GMN, 2012 WL 4194076, at *4 (D. Nev. Sept. 17, 2012) ("In Nevada, an assignment of the beneficial interest in a deed of trust need not be recorded in order to be valid."). Chase not only filed a Disclaimer of Interest in the Prior Action, but Chase had also notified Plaintiff that the interest had been assigned to a different entity—a fact to which Plaintiff concedes multiple times in the pleadings. (*See, e.g.*, Am. Compl. ¶¶ 30 ("In early February of 2015, Chase informed counsel for Plaintiff that Chase had no interest in the Property and purported that the title had been reassigned to another entity along with the beneficial interest therein.")); (Plaintiff's Letter at 2). Regardless of whether Plaintiff presumed that any interest in the property had disappeared, or else decided to forego pursuing Chase's assignee, the fact remains that Plaintiff had notice that an interest still existed against the Property. Because an assignment need not be recorded to have legally occurred, Chase's assignment remains valid. [3]

---

[3] In its Motion for Summary Judgment, Plaintiff raises the argument of judicial estoppel as to Chase's assignment of the property. (Pl.'s MSJ 16:7–19:3). However, this argument lacks merit as the Court finds that Chase's positions were not inconsistent. *See Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996) ("Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position."). Chase never strays from stating that the interest it had was assigned. Similarly, Plaintiff's argument for equitable estoppel is also precluded due to the Court's finding that Chase acted neither inconsistently nor ignorantly in light of "the true state of facts." *See Las Vegas Convention & Visitors Auth. v. Miller*, 191 P.3d 1138, 1157 (2008) ("Equitable estoppel consists of the following elements: (1) the party to be estopped must be apprised of the true facts, (2) that party must intend that his conduct shall be acted upon or must so act that the party asserting estoppel has the right to believe it was so intended, (3) the party asserting estoppel must be ignorant of the true state of the facts, and (4) the party asserting estoppel must have detrimentally relied on the other party's conduct.").

Plaintiff additionally alleges that "[n]either U.S. Bank nor Caliber had a recorded interest in the subject real property as of June 18, 2014, the date Plaintiff, . . . the successor bona fide purchaser, purchased the subject real property." (Pl.'s MSJ 26:5-7). Plaintiff then cites to Nevada Revised Statute ("NRS") § 111.325 as evidence that "unrecorded conveyances are void as against subsequent bona fide purchasers when conveyances are recorded." (*Id.* 26:8-10).

However, this statute is irrelevant to the case at hand as it is the statute designating Nevada as a race-notice state. *Buhecker v. R.B. Petersen & Sons Const. Co.*, 929 P.2d 937, 939 (Nev. 1996) (citing NRS §§ 111.320 and 111.325). What this means is that "a later-obtained interest can prevail over an earlier-obtained interest in Nevada where the later purchaser has no knowledge of the previous interest and records his interest first." *Bank of Am., N.A. v. Bailey*, No. 2:14-cv-885-JCM-GWF, 2017 WL 2695293, at *3 (D. Nev. June 22, 2017) (quoting *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, 184 F. Supp. 3d 853, 860 (D. Nev. 2016)). Essentially, this statute applies to situations with two competing purchases of a single property rather than a party purchasing a property subject to a prior, existing interest. Here, Plaintiff's situation is the latter. Plaintiff inherited its later-obtained interest subject to Chase's interest—a fact Plaintiff was fully aware of as evinced in bringing the quiet title Prior Action against Chase. In short, Plaintiff knew of Chase's interest, and Plaintiff knew of Chase's assignment of the interest. The interest therefore exists, and Chase's assignment to HUD is valid.

### 2. Claim and Issue Preclusion

In its Motion for Summary Judgment, Plaintiff raises both claim preclusion and issue preclusion in an attempt to prevent U.S. Bank and Caliber from claiming an interest in the Property. (Pl.'s MSJ 21:8–10). In general, claim preclusion "refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation

of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001). Conversely, "issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *Id.* The Court will first address claim preclusion and then turn to issue preclusion.

### a. Claim Preclusion

In Nevada, claim preclusion applies if: "(1) the same parties or their privies are involved in both cases, (2) a valid final judgment has been entered, and (3) 'the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case.'" *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 915 (2014) (quoting *Five Star Capital Corp., v. Ruby*, 194 P.3d 709, 712–13 (2008)). Because the instant action involves different parties than the Prior Action, and no argument is asserted as to whether these parties are in privity,[4] claim preclusion is inapplicable.

### b. Issue Preclusion

Issue preclusion in Nevada applies if: (1) the issue in the two proceedings is identical; (2) the prior decision was a final ruling on the merits; (3) "the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation;" and (4) "the issue was actually and necessarily litigated." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709,

---

[4] While Plaintiff argues that although "U.S. Bank and Caliber were not parties to the [Prior Action], they are not 'strangers' to that action," (Pl.'s MSJ 22:25–26 (citing *Montana v. United States*, 440 U.S. 147, 154 (1979) ("[O]ne who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own . . . is as much bound . . . as he would be if he had been a party to the record."))), the Supreme Court in *Montana* holds this privity standard applicable only to issue preclusion and not to claim preclusion, *Montana*, 440 U.S. at 154. As such, Plaintiff fails to make a sufficient argument for claim preclusion.

713 (2008). In a case with a default judgment, issue preclusion applies only where the defaulted party actively participated in the litigation or had a reasonable opportunity to defend himself on the merits, but declined to do so. *S.E.C. v. Earthly Mineral Sols., Inc.*, No. 2:07-cv-1057 JCM LRL, 2010 WL 3829348, at *3 (D. Nev. Sept. 24, 2010). Moreover, the Supreme Court of Nevada holds that "[w]hen a default judgment is entered where an answer has not been filed, the issue presented was not actually and necessarily litigated, and issue preclusion does not apply in such circumstances." *In re Sandoval*, 232 P.3d 422, 425 (Nev. 2010).

Here, Plaintiff summarily asserts that "[c]learly, Chase's disclaimer of interest was withing [sic] the meaning of actually and necessarily litigated, with regard [to] both the February 2, 2015[ ] dismissal with prejudice and the November 25, 2015[ ] default judgment." (Pl.'s MSJ 23:14-16). This argument fails. *See In re Sandoval*, 232 P.3d at 425. Specifically, the Prior Action's judgment quieted title for Plaintiff only as a result of the default judgment entered against MacArthur for failing to appear. (*See* Default J., Prior Action, ECF No. 33). Although Chase filed an Answer, (*see* Answer to Compl., Prior Action, ECF No. 5), the claims against Chase were not sufficiently litigated due to the Disclaimer and subsequent Stipulation. *See* Restatement (Second) Judgments § 13 (1982) (stating that a "final judgment" for purposes of collateral estoppel "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect"). Even assuming that U.S. Bank and Caliber were in privity to Chase in the Prior Action, the quiet title judgment against Chase was never actually litigated. Because of this, Plaintiff is foreclosed from asserting issue preclusion for the quiet title claim.

### 3. The Effect of the Prior Action's Judgment

Under Rule 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence; or (2) when the absent party "claims an interest relating to the subject of the action"

and resolving the action without that party may, practically, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). Moreover, "parties facing a quiet title claim may be, at least nominally, necessary parties when the court's potential invalidation of the foreclosure sale could alter their possible liability to other entities in the case." *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-381-JCM-VCF, 2017 WL 1293977, at *4 (D. Nev. Mar. 10, 2017).

Here, Plaintiff failed to join U.S. Bank—a necessary party to the Prior Action—when Plaintiff was aware that Chase's interest had been assigned "to another entity." (Ex. 11 to Pl.'s MSJ at 2, ECF No. 68-3) ("Plaintiff's Letter"). Rather than seek out this entity in an effort to bring a single litigation, Plaintiff instead ignored the statement of assignment and sought default judgment in its favor, which it ultimately received.

Although Plaintiff took these steps in the Prior Action, the Court finds that a failure to join a known adverse claimant in a quiet title action results in a judgment that does not bind the unnamed party.[5] *See Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, 2017 WL 1293977, at *4. Moreover, in Nevada, courts possess "the inherent equitable power to consider quiet title actions[.]" *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016); *see Fed. Nat'l Mortg. Ass'n v. Rainbow Bend Homeowners Ass'n*, No. 3:17-cv-00398-LRH-VPC, 2017 WL 5158657, at *4 (D. Nev. Nov. 7, 2017).

---

[5] Due to the factual circumstance of this action, the Court deduces this finding pursuant to a California case interpreting California's "Naming of Adverse Claimants" statute, which is similarly worded to Nevada's own adverse claimants statute. *See In re Automated Fin. Corp.*, No. 1:08-BK-14339-MT, 2011 WL 10502417, at *4 (Bankr. C.D. Cal. Jan. 25, 2011) ("As the legislative comment to CCP § 762.010 makes clear, a failure to join known adverse claimants in a quiet title action merely results in a judgment that does not bind those unnamed parties."); *compare* Cal. C.C.P. § 762.010 *with* N.R.S. § 40.010.

Pursuant to its equitable power and Plaintiff's failure to join adverse claimants, the Court finds that the Prior Action's quiet title judgment does not bind U.S. Bank and Caliber in the instant action. *See* NRS § 40.010 ("An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."). Plaintiff had knowledge that the interest had been assigned to another entity and failed to act upon this knowledge. Because of this, to preclude U.S. Bank from pursuing its interest in the Property would be inequitable. Accordingly, the Prior Action's judgment does not foreclose U.S. Bank and Caliber's interest in the Property. The Court will now turn to the foreclosure sale's impact and U.S. Bank and Caliber's counterclaim for quiet title.

### 4. The Impact of the Foreclosure Sale

U.S. Bank and Caliber's Motion for Summary Judgment seeks to quiet title in their favor pursuant to the unconstitutionality of NRS § 116.3116's opt-in notice scheme. (U.S. Bank's MSJ 11:3-9). In *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and the HOA was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth

Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to a facial procedural due process challenge under the Fourteenth Amendment). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

The Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which similarly provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in

an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

Here, Plaintiff argues that U.S. Bank "did not hold an interest in the property during the time frame governed by the notice provision" and that "Chase, the first person party, who did have standing, never raised a challenge to the foreclosure process, under *Bourne Valley* or otherwise." (Pl.'s Resp. 17:2-5, ECF No. 81). Plaintiff continues that "Chase had its equitable interest under the first Deed of Trust extinguished by the HOA foreclosure sale." (*Id.* 17:16–17). However, in light of *Bourne Valley*, the HOA foreclosed on the Property under a facially unconstitutional notice scheme, and thus the HOA foreclosure cannot have extinguished the Deed of Trust. Chase's interest therefore survived the HOA's foreclosure sale.

Moreover, as discussed *supra*, an assignment of an interest does not extinguish the interest. Chase's interest was assigned to HUD and then HUD assigned it to U.S. Bank. (*See* Exs. 7, 10 to Chase's MSJ, ECF Nos. 67-7, 67-10). Because the interest survived the foreclosure sale and was duly assigned to U.S. Bank, U.S. Bank has standing to seek quiet title for the Property. Accordingly, due to the unconstitutional notice scheme, the Court grants summary judgment for U.S. Bank and Caliber's claim for quiet title and quiets title as a matter of law in favor of U.S. Bank as assignee of the Deed of Trust.[6]

**B.  Slander of Title against All Defendants**

In Nevada, a successful slander of title claim requires a "false and malicious communication, disparaging to one's title in land, and causing special damage." *Higgins v.*

---

[6] Because U.S. Bank and Caliber's quiet title claim is the converse of Plaintiff's quiet title claim, this result also resolves Plaintiff's claim.

*Higgins*, 744 P.2d 530, 531 (Nev. 1987) (*per curiam*). Malice requires proving that the defendant knew the statement was false or acted in reckless disregard of its truth or falsity. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983). Special damages may include "both impairment of the land's vendibility as well as expenses sustained in removing the cloud on plaintiff's title caused by the false statement." *Tai-Si Kim v. Kearney*, 838 F. Supp. 2d 1077, 1089 (D. Nev. 2012) (citing *Summa Corp v. Greenspun*, 655 P.2d 513, 515 (Nev. 1982)).

In the Amended Complaint, Plaintiff asserted that "[t]he post-disclaimer and post-dismissal with prejudice act by Chase to assign an interest in the Property to HUD was done knowingly and/or with a reckless disregard to truth or falsity of the prior Disclaimer of Interest disparaging Plaintiff's title to the Property." (Am. Compl. ¶ 70). Essentially, Plaintiff's allegations supporting its slander of title claim centers around Chase publicly recording the assignment to HUD.

Chase seeks summary judgment against Plaintiff on this cause of action because "Plaintiff's allegations confuse the conveyance of an interest with the recording of that conveyance." (Chase's MSJ 7:12–13) (emphasis omitted). Moreover, Chase argues that "the documents provided by Chase demonstrate that Chase in fact conveyed its interest to HUD in August 2014 and in fact did not have an interest in the Property when it filed the Disclaimer of Interest," and therefore, "Chase made no false statements, either written or orally." (Chase's MSJ 7:27–8:3).

Conversely, Plaintiff seeks summary judgment for slander of title against all Defendants because "Chase had disclaimed 'any legal of [sic] equitable interest' in the subject real property as of February[ ] 2005, and the knowing, willful and malicious actions of the Defendants, each of them, were done with the deliberate intent to harm and injure [Plaintiff] and to advantage

Defendants, each of them." (Pl.'s MSJ 24:10–13).[7]  In response, U.S. Bank and Caliber state that "[n]o release or reconveyance of the Deed of Trust had been recorded and the Plaintiff was keenly aware that Chase had merely assigned its interest in the Deed of Trust to a third party rather than released it." (U.S. Bank's Resp. 24:1–3, ECF No. 69).

Here, as discussed *supra*, Chase's Disclaimer was neither false nor malicious.  Although Chase indeed delayed recording the assignment, this does not invalidate the assignment that occurred and was eventually recorded. *See, e.g.*, *Lane v. Wells Fargo Bank, N.A.*, 2012 WL 1687105, at *3.  Accordingly, the Court grants summary judgment for Chase[8] on Plaintiff's slander of title claim and dismisses this claim as alleged against U.S. Bank and Caliber.[9]

### C. Breach of Contract against Chase

Plaintiff argues that "Chase entered into an agreement with [Plaintiff], whereby [Plaintiff] fully performed, by dismissing its claims against Chase, with prejudice, in exchange for Chase's disclaimer of any interest equitable or legal interest, upon which [Plaintiff] relied to its detriment." (Pl.'s MSJ 24:22–25).  In Nevada, a breach of contract claim requires: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach. *See Med. Providers Fin. Corp. II v. New Life Centers, L.L.C.*, 818 F. Supp. 2d 1271, 1274 (D. Nev. 2011).  Additionally, a stipulation is reviewed as a contract. *Brawders v. County of Ventura*, 503 F.3d 856, 863 (9th Cir. 2007) (citing *Jeff D. v. Andrus*, 899 F.2d 753 (9th Cir.1989)).

---

[7] Plaintiff additionally fails to cite to any evidence to support summary judgment for its slander of title claim. *See Celotex Corp.*, 477 U.S. at 323–24.

[8] Although Chase additionally seeks summary judgment on Plaintiff's allegations of fraud, (*see* MSJ 10:24–13:24), Plaintiff did not bring fraud as an enumerated cause of action.  Moreover, Plaintiff does not address fraud in its Response, and Chase abandons it in its Reply.  Therefore, the Court will not address summary judgment for this issue.

[9] Even though U.S. Bank and Caliber failed to seek summary judgment on the slander of title claim, because the claim alleged against them is dependent on judgment being entered against Chase, and the Court grants summary judgment in Chase's favor, the claim is dismissed in its entirety.

In reviewing the Stipulation as a contract, the Court finds that it was not breached. Specifically, the Stipulation states "[b]ased upon the filed Disclaimer of Interest and the representations of counsel, [Plaintiff] agrees to dismiss any and all claims as set forth in its First Amended Complaint . . . in the above-referenced case with prejudice as to [Chase]." (Stip. of Dismissal 1:27–2:1, Ex. F to Chase's MSJ, ECF No. 67-6). Chase's Disclaimer, as discussed *supra*, was not false, and Plaintiff's reliance on the Disclaimer does not constitute a breach. As Chase states, "Chase did not breach any contract by filing the Recorded Assignment because Chase did not somehow 'renew' its interest in the Property vis-à-vis this filing." (Chase's MSJ 9:25–27). The Court agrees. Accordingly, the Court grants summary judgment for Chase on the breach of contract claim.

**IV.     CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant Chase's Motion for Summary Judgment, (ECF No. 67), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 68), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants U.S. Bank and Caliber's Motion for Summary Judgment, (ECF No. 79), is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __26__ day of January, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge